UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                              CASE NUMBER: 21-cr-20626

TYQUAN M. RUSHIN,

    *Defendant.*

_____/

## **ORDER**

On October 19, 2021, Mr. Rushin appeared before the court on charges of knowingly possessing a firearm as a prohibited person. At that time, Defendant consented to detention. (ECF No. 5). On December 8, 2021, Defendant filed a Motion for Revocation of Detention Order. (ECF No. 11). In preparation for the hearing, a Pre-Trial Services officer prepared a report recommending that Rushin be detained. The undersigned held the requested hearing on January 3, 2022.

Although the Government did not move for detention, the Court moved for detention on its own motion under 18 U.S.C. 3142(f)(2)(A), because the case involved "a serious risk that [the defendant] will flee." The undersigned considered the factors set forth in 18 U.S.C. § 3142(g). In the Court's view, there was no condition or combination of conditions that would reasonably assure the

appearance of Defendant at future court proceedings and he was ordered detained. The reasons for so holding included: the weight of the evidence against Rushin was strong; his previous adjustment to supervision was considered poor; his participation in criminal activity while on probation, parole, or supervision; his history of failure to appear in court as ordered; his possession of weapons; his lack of stable employment and his prior violations of probation, parole, or supervised release.

Pending before the Court is the defendant's Second Motion for Bond (ECF No. 16), requesting the detention hearing be reopened based on previously unknown information bearing on the detention analysis. On February 4, 2022, the Magistrate Judge convened a second detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), during which Defendant proffered the other evidence. Under the Bail Reform Act, the Court must determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(g). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3142(g), including: (1) the nature and circumstances of the alleged offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of

2

the danger to any person or the community if the defendant is released. If the Court determines that a detention order is necessary, it shall submit a written statement of the reasons for the detention. 18 U.S.C. § 3142(i)(1).

Under the requisite factors, the Court makes these findings.

*1. Nature and Circumstances of the Offenses Charged.*

First, the Court needs to consider "the nature and circumstances of the offense charged. 18 U.S.C. § 3142(g)(1). Here, the charge involves possession of a firearm as a prohibited person. The nature and circumstances of the charged offense supports Defendant's continued pretrial detention.

*2. Weight of the Evidence Against Mr. Rushin.*

The second factor concerns the "weight of the evidence against the person." 18 U.S.C. § 3142(g)(2). In the Sixth Circuit, "[t]his factor goes to the weight of the evidence of an accused's dangerousness or flight risk, not to the weight of the evidence pointing to his or her guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). In this regard, there are strong indicators that Mr. Rushin poses a significant risk of non-appearance. Those indicators are included within the Court's recitation of Mr. Rushins's criminal history below. The Court determines that the weight of the evidence with respect to Mr. Rushin's flight risk is substantial.

3

### 3. *History and Characteristics of the Person.*

When addressing this factor, the Court first considers Mr. Rushin's character, physical condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record of appearance at court proceedings. 18 U.S.C. § 3142(g)(3). Mr. Rushin has no stable employment history. He has limited financial resources. Pertinent to the Court's analysis, however, is Defendant's extensive history involving arrests for failure to appear. They include failure to appear on May 19, 2014, failure to appear for a violation hearing on July 15, 2020, failure to appear on August 5, 2020, and failure to appear for a pretrial hearing on January 3, 2020. [Pretrial Services Report at Pages 4-5]. It is by no means necessarily true that a risk of non-appearance is the same thing as a risk of flight. *See United States v. Cornish*, 449 F. Supp. 3d 681, 684 (E.D. Ky. 2020) ("A flight-based (or, more accurately, nonappearance-based) detention decision must rest on facts supported by a preponderance of the evidence."). *United States v. Curry*, No. 6:06-82-DCR, 2006 WL 2037406, at *6 (E.D. Ky. Jul. 18, 2006). Further, almost any conditional release ultimately depends on a court's assessment of a defendant's good-faith intentions and predicted compliance with conditions imposed. *See United States v. Tortora*, 922 F.2d 880, 887 (1st Cir.

4

1990) (evaluating predicted good-faith compliance as critical release component). That said, Mr. Rushin's criminal history establishes that he "has been unable or unwilling to remain law-abiding for most of his adult life. The court has no reason to believe that he would suddenly become compliant now." *United States v. Clark*, 448 F. Supp. 3d 1152, 1161 (D. Kan. March 25, 2020).

Further, in the Court's view, Defendant's previous disrespect for court orders reflected in his poor record of compliance with conditions of release and his many failures to appear suggest a diminished likelihood of complying with conditions of release necessary to mitigate his risk of non-appearance here. Specifically, the Court deems it unlikely that conditions of release would serve their vital function of mitigating the risk of non-appearance. Defendant's non-compliance –notably, under some of the same conditions that Defendant now would be needed to abide by—evidences that no conditions will adequately assure Rushin's compliance. Defendant's history and characteristics are convincingly indicative of his predicted behavior. Here Mr. Rushin's history and characteristics therefore lean toward detention.

  *4. Nature and Seriousness of the Danger to any Person or the Community.*

The final factor to consider is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18

5

U.S.C. § 3142(g)(4). This factor is, by a large margin, the most difficult to assess in this case. Mr. Rushin has an extensive criminal history including arrests related to illegal possession of controlled substances and firearms. Pretrial Services also recommends detention because of that history as well as the risk associated with his nonappearance. As a result, the Court finds that there are no conditions sufficient to address the concern for danger that Defendant poses to the community. This fourth and final § 3142(g) factor supports detention.

Having considered all relevant statutory factors, the information in the pretrial report, the recommendation of the Pretrial Officer, the seriousness of the possible penalties in this federal case may give Defendant a significant incentive to flee, and the arguments of the parties, the undersigned finds the Court finds that no condition or combination of conditions can reasonably assure Defendant's appearance.

For these reasons, Defendant's Second Motion for Bond (ECF No. 16) is **DENIED** and Defendant **SHALL** remain detained pending resolution of this criminal case or further order of the court.

**IT IS SO ORDERED.**

Date: February 4, 2022                                       s/Curtis Ivy, Jr.
                                                             Curtis Ivy, Jr.
                                                             United States Magistrate Judge